*Decision will be entered under Rule 50.*

MARION H. McARDLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

T. E. McARDLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14819, 14820. Promulgated November 30, 1948.

*Wesley E. Seale, Esq.*, for the petitioners.
*W. W. Kerr, Esq.*, and *James R. Backstrom, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge*: The parties are not in dispute as to any of the figures. The petitioners point to the terms of the contract under which they were required to return to the purchaser $25,381.14 of their share of the agreed purchase price to guarantee the purchaser against loss on accounts receivable and contingent liabilities. They argue that they did not actually receive that money for income tax purposes in 1942, since it was never theirs to do with as they pleased during that year, but was, for all practical purposes, withheld by

the purchaser, and in fact was never actually paid in full. The respondent relies upon the form of the transaction under which the money was ostensibly paid to the petitioners and he says they voluntarily used it for a purpose of their own. The instruments and also the testimony of the petitioner show that the money never during 1942 came into the possession and control of the petitioners to do with as they pleased. Only a portion of it was finally paid to them without any strings attached in 1943.

This case is not distinguishable from *Preston R. Bassett*, 33 B. T. A. 182; affd., 90 Fed. (2d) 1004. There, the contract of sale provided that $20,000 of the purchase price was to be deposited at the consummation of the sale and held in escrow to indemnify the buyer against any loss or liability on account of accounts receivable, bad debts, and undisclosed liabilities of the corporation the stock of which was the subject of the sale. The $20,000 less the amount of any uncollected accounts or undisclosed liabilities paid by the purchaser was to be paid to the sellers at the expiration of nine months after the sale. The Board of Tax Appeals, after stating that the income tax law is concerned only with realized gains, said:

\* \* \* Moreover, where the petitioner is, as here, on the cash basis, pretty clear evidence of his command over the money held in escrow would have to be present to justify our holding that it was received in the year of execution of the contract, although not paid over until nine months later.

The cases of *Federal Development Co.*, 18 B. T. A. 971, and *Blaine L. Stoner*, 29 B. T. A. 953, relied on by the respondent in that case, were discussed but were not followed. It was pointed out that the *Stoner* case had subsequently been reversed. *Stoner* v. *Commissioner*, 79 Fed. (2d) 75; certiorari denied, 296 U. S. 650. The Board followed the cases of *Commissioner* v. *Cleveland Trinidad Paving Co.*, 62 Fed. (2d) 85, and *Stoner* v. *Commissioner, supra*, and held that the profit represented by the petitioner's share of the $20,000 was not taxable to him in the year of the sale. The fact that the money in the present case was held by the buyer rather than by an escrow agent does not help the respondent. The parties apparently recognize that *Luther Bonham*, 33 B. T. A. 1100; affd., 89 Fed. (2d) 725, is distinguishable, at least they have not cited it. There the taxpayer received some stock which he was required immediately to put up as collateral. But it was his stock and he had the rights of ownership of it, such as the voting rights, dividend rights, the right to any increase in value, and the right to have that particular stock returned to him when the collateral was no longer required. The parties to the present proceeding cite and rely upon the same cases as were discussed in the *Bassett* case. That case is followed here and decision on this point is for the petitioners.

*Decisions will be entered under Rule 50.*